JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMIGRANT DEFENDERS LAW CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Case No. CV 21-0395 FMO (RAOx) <br><br> **JUDGMENT AND PERMANENT INJUNCTION** |

The Immigrant Defenders Law Center, the Refugee and Immigrant Center for Education and Legal Services, the South Texas Pro Bono Asylum Representation Project, and The Door (collectively, "Plaintiffs"), filed this action "to ensure that unaccompanied immigrant children" receive the "protections enshrined by the William Wilberforce Trafficking Victims Protection Reauthorization Act ('TVPRA') [and] the Due Process Clause of the Fifth Amendment to the United States Constitution[.]"  (See Dkt. 14, First Amended Complaint ("FAC") at ¶¶ 1, 13).  Plaintiffs are legal services providers asserting claims for violations of: (1) the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, (see Dkt. 14, FAC at ¶¶ 243-57); and (2) the Due Process Clause.  (See id. at ¶¶ 226-33).

Defendants are the U.S. Department of Homeland Security ("DHS"), the Secretary of DHS, U.S. Customs and Border Protection ("CBP"), the CBP Commissioner, U.S. Immigration and Customs Enforcement ("ICE"), the Director of ICE, U.S. Enforcement and Removal Operations

("ERO"), and the Acting Executive Associate Director of ERO (collectively, "defendants" or "the government").

Defendants have, since at least 2019, had a policy governing administrative actions concerning unaccompanied children who were processed as part of the Migrant Protection Protocols ("MPP") policy ("Policy") – that is, unaccompanied noncitizen children who previously entered the United States with their families, were placed in removal proceedings with their families, were sent to Mexico to await their proceedings pursuant to MPP, and later returned to the United States without a parent or guardian, as unaccompanied children (hereinafter, "MPP-unaccompanied children"). (See Dkt. 304, Findings of Fact and Conclusions of Law ("Liability Order") at ¶¶ 12-14, 25-37). The Policy at issue is defined as: "Children who re-enter the United States after previously being processed into MPP with a parent or legal guardian are still subject to their family's previously initiated Section 240 proceedings, including any pending proceedings and/or final orders of removal issued at these Section 240 proceedings."[1] (Dkt. 268, Pre-trial Conference Order at ¶ 5.A).

The Court conducted a bench trial, (see Dkt. 269, Minutes of Court Trial), and on March 14, 2025, issued its decision on liability, finding that defendants' Policy violates the APA and the Due Process Clause. (See Dkt. 304, Liability Order). Contemporaneously with the filing of this Judgment, the court issued an Order Re: Remedies ("Remedies Order") determining that vacatur, declaratory relief, and injunctive relief are warranted. (See Dkt. 318, Remedies Order) (collectively, with the Liability Order, "Findings").

Pursuant to the Court's Liability Order (Dkt. 304) and Remedies Order (Dkt. 318), which are incorporated herein, IT IS ADJUDGED THAT Judgment is hereby entered as follows in favor of plaintiffs as to their claims under the APA and the Due Process Clause of the Fifth Amendment of the United States Constitution:

---

[1] Further specifics regarding the Policy, and the manner in which it has been effectuated, can be found in the Administrative Record. (See, e.g., Dkt. 279-7, Exh. 46, Muster - Recordation of UACs Previously Processed Under the Migrant Protection Protocols at AR 2293); (Dkt. 279-7, Exh. 46, Field Office Juvenile Coordinator Handbook, UAC Encounter MPP Process Flow at AR 2370). The Policy is also described in the Court's Liability Order and Order Re: Remedies.

## I. VACATUR.

The government's Policy, as described above and in the Court's Liability Order, is hereby vacated and set aside.

## II. DECLARATORY RELIEF.

In accordance with the Declaratory Judgment Act, 28 U.S.C. § 2201(a), the court finds and declares as follows:

    A.    The government's Policy violates the APA and the Due Process Clause of the Fifth Amendment. (See Dkt. 304, Liability Order at 23-30).

    B.    The TVPRA entitles all unaccompanied children, including MPP-unaccompanied children, to:

        1.  access to counsel to the greatest extent practicable, see 8 U.S.C. § 1232(a)(5)(D)(iii), (c)(5);

        2.  exemption from the one-year deadline to apply for asylum and extended timelines to develop claims for immigration relief, see 8 U.S.C. § 1158(a)(2)(E);

        3.  the processing of asylum claims in the first instance through affirmative applications adjudicated by the United States Citizenship and Immigration Services ("USCIS") in a nonadversarial process, see 8 U.S.C. § 1158(b)(3)(C);

        4.  placement in § 240 proceedings if the government seeks to remove them, notwithstanding a prior pending proceeding or removal order in which they were not unaccompanied children, see 8 U.S.C. § 1232(a)(5)(D)(i); and

        5.  the opportunity to seek voluntary departure, see 8 U.S.C. § 1232(a)(5)(D)(ii).

    C.    The TVPRA provides unaccompanied children, among other things, access to counsel to the greatest extent practicable, exemption from the one-year deadline to seek asylum, a guarantee of initial adjudication of their asylum application by USCIS, and placement in § 240 proceedings if the government seeks to remove an unaccompanied child. See 8 U.S.C. § 1158(a)(2)(E), (b)(3)(C); 8 U.S.C. § 1232(a)(5)(D)(i)-(iii). In order for the TVPRA's protections to remain viable and existent in practice, the government must provide MPP-unaccompanied children a meaningful opportunity to access these rights. Because the TVPRA provides that MPP-

unaccompanied children will have more than a year to seek asylum, the government may not seek to remove MPP-unaccompanied children on a rapid timeline before they have a meaningful opportunity to access their rights under the TVPRA. See United States v. Melendez-Castro, 671 F.3d 950, 954 (9th Cir. 2012) (finding the right to receive information regarding voluntary departure to be a constitutionally protected interest and the deprivation of a genuine opportunity to apply to be due process violation).

  D. Due process requires that unaccompanied children and their counsel receive reasonable notice of prior MPP ties in order to help facilitate the children's access to TVPRA protections. The government's failure to, among other things, provide notice to MPP-unaccompanied children of their status, and its practice of moving to quickly deport them, deprives MPP-unaccompanied children of a meaningful opportunity to access TVPRA protections, thereby violating the Due Process Clause.

  E. The government may not attempt to or otherwise execute a prior removal order against an MPP-unaccompanied child, without first providing the child an opportunity to access the protections set forth above, including the right to apply for asylum as an unaccompanied minor. See Velasquez-Castillo v. Garland, 91 F.4th 358, 362 (5th Cir. 2024) ("Velasquez-Castillo met the requirements of the TVPRA when he filed his subsequent asylum claim, which is still pending. Application of the TVPRA to this case would invalidate the existing removal order and provide an alternative pathway for Velasquez-Castillo to pursue his asylum claim.").

III. PERMANENT INJUNCTION.

  Permanent injunctive relief, as set forth below, is intended to remedy plaintiffs' injuries and to prevent defendants' further violations of, and to help ensure their compliance with, the TVPRA and the Due Process Clause in their encounters with MPP-unaccompanied children. Accordingly, the court hereby enters the following permanent injunction:

  A. <u>TVPRA Safeguards</u>. The court expects that the government will take steps and make efforts to ensure that MPP-unaccompanied children, like all unaccompanied children, are afforded the greater protections provided by the TVPRA. See Flores v. Sessions, 862 F.3d 863, 880 (9th Cir. 2017) ("The overarching purpose of the . . . TVPRA was quite clearly to give unaccompanied

minors more protection, not less."). At a minimum, the government shall adopt safeguards to ensure that MPP-unaccompanied children: (1) have access to counsel to the greatest extent practicable; (2) have a meaningful opportunity to apply for affirmative asylum with USCIS on an extended timeline, given their exemption from the one-year deadline; (3) have their asylum claims processed in the first instance by USCIS; and (4) can seek voluntary departure. See 8 U.S.C. § 1158(a)(2)(E), (b)(3)(C); 8 U.S.C. § 1232(a)(5)(D)(i)-(iii). The government shall take concrete measures and actions to ensure that MPP-unaccompanied children have a meaningful opportunity to access TVPRA protections before the government seeks to remove them. This could include, for example, not rushing to remove MPP-unaccompanied children, and communicating with their counsel to ensure that the children are given a meaningful opportunity to apply for affirmative asylum on an extended timeline.

To afford the government flexibility in implementing this injunction, the court will not define the exact contours of the additional safeguards. Nor will the court define precisely what constitutes a meaningful opportunity to access TVPRA protections; it suffices to say that MPP-unaccompanied children must be provided a meaningful opportunity to access these rights. For instance, the TVPRA envisions that children will have extended timelines to develop and present asylum claims – their exemption from the one-year deadline to apply for asylum means that the children should have extended timelines, i.e., at least more than a year to do so. Rushing to remove a child within a matter of days or weeks would not comply with the injunction. Any efforts to remove children must comply with the TVPRA and the procedural safeguards set forth in this Order.

B. <u>Identification and Notice Safeguards</u>. The government shall adopt safeguards and take steps to identify MPP-unaccompanied children encountered by defendants, and provide adequate and timely written notice of an unaccompanied child's MPP status to the child, the ORR shelters in which any such children are housed, and plaintiffs.[2]

---

[2] Plaintiffs may designate a representative or representatives to receive notice on their behalf.

5

C. <u>Guidance on Procedures and Safeguards</u>. The government shall publish guidance on the procedures applicable to MPP-unaccompanied children, including the practices and safeguards adopted pursuant to this Judgment to ensure that MPP-unaccompanied children have meaningful access to TVPRA protections. No later than 30 days from the filing of this Judgment, the parties shall propose a timeline for the publication of such guidance.

D. <u>Status Report</u>. The government shall file a Status Report every six months regarding compliance with the Court's Judgment and Permanent Injunction. The Status Report shall, at a minimum, include: (1) the relevant safeguards in effect and defendants' compliance with those safeguards; (2) the number of MPP-unaccompanied children encountered; (3) whether and what kind of notice has been provided to such children, plaintiffs, and ORR shelters; and (4) whether and how many MPP-unaccompanied children were removed during the reporting period. The first Status Report shall be filed no later than six months from the filing date of this Judgment.

E. <u>Jurisdiction and Disputes Relating to Injunction</u>. The court shall retain jurisdiction over this matter to enforce and resolve any disputes concerning the terms of, and defendants' compliance with, this Judgment, and to hear any application by plaintiffs for attorney's fees and costs. In the event the parties have a dispute concerning the requirements of this Judgment or the meaning of any terms therein, they shall promptly meet and confer in a good faith attempt to resolve the dispute. If those efforts do not succeed, the parties shall promptly present the dispute to the court for resolution.

\*     \*     \*

This Final Judgment and Permanent Injunction resolves plaintiffs' APA and Due Process claims and shall be entered forthwith pursuant to Rule 54(c) of the Federal Rules of Civil Procedure.

Dated this 29th day of September, 2025.

/s/
Fernando M. Olguin
United States District Judge