# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00395 FMO (RAOx) | Date | **December 19, 2025** |
|---|---|---|---|
| Title | **Immigrant Defenders Law Center, et al. v. U.S. Department of Homeland Security, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiffs:  Attorney Present for Defendants:

None Present  None Present

**Proceedings:** (In Chambers) Order Re: Memorandum Re: Jurisdiction

On December 1, 2025, the parties filed their proposed timelines for publication of the guidance on the procedures applicable to MPP-unaccompanied children. (Dkt. 325, Proposals). Prior to this, on November 26, 2025, defendants filed a Notice of Appeal from the Court's Order of March 14, 2025, (Dkt. 304), the Court's Order of September 29, 2025, (Dkt. 318), and the underlying judgment and permanent injunction (Dkt. 319). (See Dkt. 324, Notice of Appeal).

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982) (per curiam); Nat. Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."). "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." Nat. Res. Def. Council, Inc., 242 F.3d at 1166.

However, exclusive appellate jurisdiction is not "absolute." Nat. Res. Def. Council, Inc., 242 F.3d at 1166. A district court may enter orders appropriate to "preserve the status quo during the pendency of an appeal[.]" Id. Given the parties' disagreement over whether the proposed guidance requires input from plaintiffs' counsel prior to publication, and whether the proposed guidance would be made publicly available, (see Dkt. 325, Proposals at 1-2), it is unclear whether the court's ruling on the parties' proposals and potential clarification of its permanent injunction would constitute a modification of the injunction that alters the status quo pending final adjudication, or instead be a "minor adjustment[] that effectuate[s] the underlying purposes of the original requirements." See Nat. Res. Def. Council, Inc., 242 F.3d at 1167; see, e.g., Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Loc. 200, AFL-CIO, 611 F.3d 483, 495 (9th Cir. 2010) (holding district court lacked jurisdiction to modify preliminary injunction after notice of appeal filed). Accordingly, IT IS ORDERED THAT the parties shall each file a Memorandum Re: Jurisdiction no later than **December 29, 2025,** addressing the basis for the court's jurisdiction to consider the parties' proposals in light of the pending appeal. The parties' memoranda shall not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-00395 FMO (RAOx)** | Date | **December 19, 2025** |
|---|---|---|---|
| Title | **Immigrant Defenders Law Center, et al. v. U.S. Department of Homeland Security, et al.** | | |

exceed five pages.


                    Initials of Preparer     vdr